IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE COMPANY** | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-CV-01079 |
| **LARRY SMALLWOOD d/b/a ELECTRICAL SOLUTIONS, I & A DEVELOPMENT AND CONSTRUCTION, LLC, MICHELLE PEGUERO, INDIVIDUALLY AND AS NEXT FRIEND OF K.P., A MINOR, MACHASITY PEGUERO, AND RUBY PEGUERO,** | § § § § § § § § § § | |
| *Defendants.* | § | |

_____

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**
_____

Plaintiff Crum & Forster Specialty Insurance Company ("CFSIC") files this Original Complaint for Declaratory Judgment against Defendants Larry Smallwood d/b/a Electrical Solutions ("Smallwood") and I & A Development and Construction, LLC ("I&A") (collectively, the "Defendants"), as well as Michelle Peguero, individually and as next friend of K.P., a minor, Machasity Peguero, and Ruby Peguero (the "Underlying Plaintiffs"), seeking a declaration that it does not owe Smallwood or I&A a duty to defend or indemnify them against the claims asserted against them in a lawsuit styled *Michelle Peguero, Inidividually and as Next Friend of K.P., a Minor, Machasity Peguero, and Ruby Peguero v. I & A Development & Construction, LLC, Jacob Donahue, Larry Smallwood d/b/a Electrical Solutions, and Joel Alejandro Diaz Lopez d/b/a Quality and Prestige Remodeling,* Cause No. 342-340963-23, in the 342nd Judicial District Court of Tarrant County, Texas (the "Underlying Lawsuit"). CFSIC further seeks a declaration that it

does not owe a duty to indemnify the Underlying Plaintiffs for their claims in the Underlying Lawsuit in the event such claims are successful. CFSIC respectfully shows as follows:

# I.
# PARTIES

1. Plaintiff CFSIC is a corporation duly organized and existing under the laws of the State of Delaware, with its statutory home office in Morristown, New Jersey.

2. Upon information and belief, Defendant Larry Smallwood is an individual who does business in the State of Texas as Electrical Solutions. Smallwood may be served at 1113 Westminster Drive, Waxahachie, Texas 75165 or wherever he may be located.

3. Upon information and belief, Defendant I&A Development and Construction is a domestic limited liability company that does business in the State of Texas. Upon information and belief, I&A's members are Pina Patel and Rajesh Patel. Upon information and belief, Pina Patel and Rajesh Patel are individuals domiciled in Gregg County, Texas. I&A may be served through its registered agent, Raj Patel, at 1018 U.S. Highway 271 South, Gilmer, Texas 75644 or wherever he may be located.

4. Upon information and belief, Defendant Michelle Peguero is an individual domiciled in Bexar County, Texas. Michelle Peguero may be served at 12807 Thomas Sumter Street, San Antonio, Texas 78233 or wherever she may be located.

5. Upon information and belief, Defendant K.P. is a minor individual domiciled in Bexar County, Texas. K.P. may be served at 12807 Thomas Sumter Street, San Antonio, Texas 78233 or wherever she may be located.

6. Upon information and belief, Defendant Machasity Peguero is in individual domiciled in Bexar County, Texas. Machasity Peguero may be served at 12807 Thomas Sumter Street, San Antonio, Texas 78233 or wherever she may be located.

7. Upon information and belief, Ruby Peguero is an individual domiciled in Bexar County, Texas. Ruby Peguero may be served at 12807 Thomas Sumter Street, San Antonio, Texas 78233 or wherever she may be located.

## II.
## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

9. In addition, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interests and costs. Specifically, CFSIC issued a commercial general liability policy to Smallwood a $1 million per occurrence limit. The plaintiffs in the Underlying Lawsuit allege that they are seeking monetary damages in excess of $1 million.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as the Underlying Lawsuit is pending in Tarrant County, Texas, which is within the Fort Worth Division of the Northern District of Texas. Additionally, the incident giving rise to the Underlying Lawsuit occurred in Parker County, Texas, which is also located within the Fort Worth Division of the Northern District of Texas.

## III.
## FACTUAL BACKGROUND

A. A SUMMARY OF THE UNDERLYING LAWSUIT

11. The instant coverage dispute arises out of a construction project, wherein Octavio Peguero ("Peguero"), the father of the Underlying Plaintiffs, allegedly suffered fatal injuries on January 26, 2022.

12. The Underlying Plaintiffs filed the Underlying Lawsuit on March 16, 2023. In their Original Petition, the Underlying Plaintiffs allege that I&A was the general contractor on a hotel construction site located at 864 I-20 E, Weatherford, Texas 76087 (the "Project"). The Underlying Plaintiffs also allege that I&A entered into a contract with Smallwood to perform electrical work on the Project. I&A allegedly supplied a forklift for use on the Project and constructed a wooden box to be affixed to the forks, so workers could easily transport supplies or trash to and from the various levels of the four-story building. The Underlying Plaintiffs allege that on January 26, 2022, Peguero was working on the fourth level of the building when supplies were lifted up to him using the forklift. Peguero allegedly attempted to retrieve the materials from the box affixed to the forklift when the box tipped, causing Peguero and the box to fall to the ground. The Underlying Plaintiffs allege that Peguero was invited to work in an unsafe, inadequately supervised workplace and, as a result, he fell from the fourth floor onto the ground below and suffered fatal injuries. The Underlying Plaintiffs allege that Peguero's fall was proximately caused by the dangerous condition, which the Defendants knew or should have known about.

13. Upon information and belief, CFSIC alleges that I&A entered into a written contract with Smallwood prior to the commencement of work on the Project. CFSIC alleges upon information and belief that Smallwood entered into a written subcontract agreement with Alejandro Diaz ("Diaz") to perform work on the Project on Smallwood's behalf. CFSIC alleges upon information and belief that Diaz hired Peguero to perform work on the Project.

14. On April 12, 2023, Smallwood provided notice of the Underlying Lawsuit to CFSIC. In a letter dated April 21, 2023, CFSIC issued a reservation of rights letter, in which CFSIC agreed to provide Smallwood a defense subject to the terms and conditions of policy and under a complete reservation of rights.

15. I&A tendered the defense of the Underlying Lawsuit to CFSIC on May 18, 2023. CFSIC denied I&A's request for a defense based on a worker injury exclusion endorsement in the policy CFSIC issued to Smallwood.

**B.  A SUMMARY OF THE POLICY**

16. CFSIC issued Commercial General Liability Policy No. BAK-63499-2 (the "Policy") to Smallwood for the policy period of May 22, 2021 to May 22, 2022. The Policy contains a $1 million Each Occurrence Limit and a $2 million General Aggregate Limit.

17. The Policy contains an endorsement captioned "Exclusion—Worker Injury" [SB082-0818] (the "Workers Exclusion"). The Workers Exclusion states in relevant part as follows:

### EXCLUSION—WORKER INJURY

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**A. SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions** is amended as follows**:**

1. Exclusion **e. Employers Liability** is deleted in its entirety.

2. The following additional exclusion applies:

This insurance does not apply to:

  **a.** "Bodily injury" to any "employee" or "temporary worker" of any insured arising out of or in the course of:

   **(1)** Employment by any insured; or

   **(2)** Performing duties related to the conduct of any insured's business; or

  **b.** "Bodily injury to a fellow "employee" or "temporary worker" of any insured arising out of and in the course of such employment when the insured is an "executive officer" of such employer; or

    **c.** "Bodily injury" to:

        **(1)** Any contractor, subcontractor, independent contractor, or any other person; or

        **(2)** Any "employee", "temporary worker" or "volunteer worker", or any day laborer, or other person hired, engaged or retained in return for compensation or remuneration of any kind, working for, such contractor, subcontractor, independent contractor or any other person, arising out of or in the course of performing work or rendering services of any kind or nature whatsoever:

            **a)** For or on behalf of any insured; or

            **b)** For which the insured may become liable in any capacity; or

    **d.** Any obligation to contribute to, share damages with, repay or indemnify someone else who must pay damages because of such "bodily injury"; or

    **e.** "Bodily injury" sustained by the spouse, registered domestic partner, child, parent, bother, sister or other family member of:
        **(1)** Any "employee" or "temporary worker" of any insured;

        **(2)** Any contractor, subcontractor, independent contractor or any other person working for or on behalf of any insured; or

        **(3)** Any "employee" or "temporary worker" of any such contractor, subcontractor, independent contractor, or other person as a consequence of any "bodily injury" as set forth in paragraphs **a.**, **b.** or **c.** of this endorsement.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to all claims and "suits" by any person or organization for damages because of such "bodily injury", including damages for care and loss of services and any claim under which any insured may be held liable under any Workers Compensation law.

**B. SECTION V – DEFINITIONS, 19.** "Temporary worker" is deleted and replaced with the following:

"**Temporary worker**" means any person who is:

**a.** Furnished to you to substitute a permanent "employee";
**b.** A short-term worker; or

> c. Not an "employee" or "volunteer worker".

As used herein, the definition of "employee" includes a "leased worker", "temporary worker", and "volunteer worker".

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

18. The Underlying Plaintiffs have alleged in their Petition sufficient facts to show that Peguero was performing work for or on behalf of Smallwood, for purposes of the definition of an "employee" of a subcontractor under the Policy.

## IV.
## DECLARATORY RELIEF AS TO THE DUTY TO DEFEND

19. CFSIC re-alleges and incorporates by reference paragraphs 1–18.

20. An actual controversy of a justiciable nature presently exists between CFSIC and Smallwood, as well as between CFSIC and I&A, concerning the rights and obligations under the Policy with respect to the duty to defend them against the claims asserted in the Underlying Lawsuit.

21. Upon information and belief, CFSIC alleges that Peguero was an "employee" of Diaz, who was Smallwood's subcontractor on the Project. Thus, CFSIC contends that it has no present duty to defend Smallwood or I&A against the claims asserted by the Underlying Plaintiffs in the Underlying Lawsuit pursuant to the Workers Exclusion.

22. Therefore, CFSIC seeks a judicial determination that it has no duty to defend Smallwood and/or I&A in the Underlying Lawsuit and requests that it be allowed to withdraw from the defense it is currently providing to Smallwood.

## V.
## DECLARATORY RELIEF AS TO THE DUTY TO INDEMNIFY

23. CFSIC re-alleges and incorporates by reference paragraphs 1–22.

24. An insured's duty to indemnify "is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84 (Tex. 1997).

25. An actual controversy of a justiciable nature presently exists between CFSIC and Smallwood, as well as between CFSIC and I&A, concerning the rights and obligations under the Policy with respect to the duty to indemnify them against the claims asserted in the Underlying Lawsuit pursuant to the Workers Exclusion.

26. Upon information and belief, CFSIC alleges that Peguero was an "employee" of Diaz, who was Smallwood's subcontractor on the Project. Thus, CFSIC contends that it will have no duty to indemnify Smallwood and/or I&A against the claims asserted by the Underlying Plaintiffs in the Underlying Lawsuit.

## VI.
## JURY TRIAL

27. Pursuant to Federal Rule of Civil Procedure 38, CFSIC requests a jury trial on all issues so triable.

## VII.
## PRAYER

Based upon the foregoing, Plaintiff Crum & Forster Specialty Insurance Company prays as follows:

1. That the Court issue a declaration that CFSIC has no duty to defend Smallwood or I&A under the Policy against the claims asserted in the Underlying Lawsuit;

2. That the Court issue a declaration that CFSIC has no duty to indemnify Smallwood, I&A, Michelle Peguero, K.P., Machasity Peguero, or Ruby Peguero under the Policy against the claims asserted in the Underlying Lawsuit;

    3.      Award CFSIC all other relief to which it may be entitled, including, but not limited to its attorney fees, costs, and expenses.

**THOMPSON, COE, COUSINS & IRONS, LLP**

By:   */s/ Christina A. Culver*

CHRISTINA A. CULVER
Texas State Bar No. 24078388
cculver@thompsoncoe.com
RODRIGO "DIEGO" GARCIA, JR.
Texas State Bar No. 00793778
dgarcia@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056-1988
Telephone: (713) 403-8282
Facsimile: (713) 403-8299

~ and ~

RHONDA J. THOMPSON
Texas Bar No. 24029862
rthompson@thompsoncoe.com
700 North Pearl Street, Twenty-Fifth Floor
Plaza of the Americas
Dallas, Texas 75201
Telephone: (214)871-8200
Facsimile: (214) 871-8209

**ATTORNEYS FOR PLAINTIFF CRUM & FORSTER SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 24th day of October, 2023.

*/s/ Christina A. Culver*
CHRISTINA A. CULVER