UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,**

   Plaintiff,

v.     No. 4:23-cv-01079-P

**LARRY SMALLWOOD, ET AL.,**

   Defendants.

## ORDER

A review of the record reveals that Plaintiff failed to comply with Local Rule 83.10(a), which requires the appearance of local counsel "where an attorney appearing in a case does not reside or maintain [their] principal office in this district." N.D. TEX. CIV. R. 83.10(a). This case has been on file for almost five months and at no point did Plaintiff request permission to proceed without satisfying Local Rule 83.10(a). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Maples*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

The Court thus **ORDERS** that this case is **DISMISSED without prejudice** per Rule 41(b) of the Federal Rules of Civil Procedure.[1]

**SO ORDERED** on this **14th day of March 2024.**

Mark T. Pittman
UNITED STATED DISTRICT JUDGE

---

[1] Should this dismissal without prejudice function as a dismissal with prejudice in this case, *see, e.g.*, *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992) (discussing instances where dismissal without prejudice functions as with prejudice, such as when a suit would be time-barred if plaintiff were forced to refile), Plaintiff must notify the Court in a timely, appropriately argued, and supported motion for leave to proceed without local counsel.