UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**CRUM & FORSTER SPECIALTY
INSURANCE COMPANY,**

   Plaintiff,

v.     No. 4:23-cv-01079-P

**LARRY SMALLWOOD, ET AL.,**

   Defendants.

### MEMORANDUM OPINION & ORDER

Before the Court is Defendants Michelle Peguero, individually and as next friend of K.P., a minor, Machasity Peguero, and Ruby Peguero's (collectively, "the Underlying Plaintiffs") Motion to Dismiss Plaintiff Crum & Forster Specialty Insurance Company's Complaint for failure to state a claim. ECF No. 15. For the reasons stated below, the Court **DENIES** the Motion.

### BACKGROUND

This case involves an insurance coverage dispute arising from a fatal accident that occurred on January 26, 2022, during a construction project. The plaintiff, Crum & Forster Specialty Insurance Company ("CFSIC"), issued an insurance policy to Larry Smallwood, operating under the business name Electrical Solutions, covering the period from May 22, 2021, to May 22, 2022. The policy in question contains a Worker Injury Exclusion clause, which excludes coverage for bodily injuries sustained by any employee or temporary worker during the course of their employment.

On March 16, 2023, Underlying Plaintiffs initiated a lawsuit in the 342nd Judicial District Court of Tarrant County, Texas. The suit, titled *Michelle Peguero, et al. v. I&A Development & Construction, LLC, Jacob Donahue, Larry Smallwood d/b/a Electrical Solutions, and Joel Alejandro Diaz Lopez d/b/a Quality and Prestige Remodeling*, alleges

that Octavio Peguero, the father of K.P., sustained fatal injuries while employed on a hotel construction site. The Underlying Plaintiffs contend that the general contractor, I&A Development & Construction, LLC, had hired Smallwood for electrical work, who subsequently subcontracted Diaz, who in turn employed Octavio Peguero.

The incident in question occurred when a forklift provided by I&A was being utilized to elevate supplies to the building's fourth level. According to the Underlying Plaintiffs, Octavio Peguero fell to his death when a wooden box attached to the forklift overturned. They have brought claims against the underlying defendants in the state court action for negligence and gross negligence, seeking damages for Octavio Peguero's pre-death pain and suffering, funeral expenses, exemplary damages, and wrongful death compensation.

CFSIC is currently defending Smallwood under a reservation of rights, but it has denied any obligation to defend or indemnify I&A based on the Worker Injury Exclusion clause in the insurance policy. CFSIC seeks a judicial declaration affirming that it has no duty to defend or indemnify Smallwood, I&A, or the Underlying Plaintiffs for the claims asserted in the underlying lawsuit.

The defendants, Michelle Peguero, Machasity Peguero, and Ruby Peguero, have filed a motion to dismiss pursuant to Rule 12(b)(6), arguing that CFSIC has failed to state a claim upon which relief can be granted. CFSIC, in its response, maintains that the Underlying Plaintiffs are proper parties due to the existence of an actual controversy regarding the insurance coverage under the policy, thereby making the issues ripe for judicial review.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law

must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

The Underlying Plaintiffs argue that CFSIC has failed to state a claim upon which relief can be granted against them. *See* ECF No. 15 at 1. They assert that CFSIC has not pled any facts establishing a justiciable controversy involving them, as the complaint does not allege any direct privity or legal relationship between CFSIC and the Peguero Defendants. *Id* at 2. Furthermore, they contend that CFSIC's request for a declaration of no duty to indemnify is premature, given that the underlying litigation is still in its early stages, and there has been no judgment against the Peguero Defendants. *Id*. Consequently, they request dismissal of the claims against them. *Id*.

In response, CFSIC argues that the Underlying Plaintiffs are proper parties to the declaratory judgment action because there exists an actual controversy regarding the insurance coverage, making the issues ripe for judicial review. *See* ECF No. 19 at 1. CFSIC contends that the Underlying Plaintiffs have a sufficiently immediate interest in the insurance policy to create a real and substantial controversy. *Id.* at 3–4. CFSIC maintains that there is privity between the Underlying Plaintiffs and the insured parties, Smallwood and I&A, as the plaintiffs' potential rights to policy proceeds derive from the insured parties. *Id.* at 8–10. Therefore, resolving the coverage dispute in the present action prevents

the possibility of inconsistent judgments and serves the interests of all parties involved. *Id.* at 8. Consequently, CFSIC requests that the court deny the motion to dismiss. *Id.* at 11. The Court must therefore determine whether the Underlying Plaintiffs are proper parties to this action. It does so below.

The Uniform Declaratory Judgment Act empowers federal courts to delineate the legal relationships and rights of parties through declaratory relief. *See* 28 U.S.C. § 2201(a). As with other types of litigation, courts may only assert jurisdiction over declaratory judgment actions involving ripe controversies. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 149-54 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105 (1977). "In the context of declaratory judgments, the test for ripeness is to examine whether there is 'a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests.'" *Max Specialty Ins. Co. v. Heydarian*, No. EP-10-CV-319-KC, 2011 WL 13235042, at *2 (W.D. Tex. Jan. 23, 2011) (Cardone, J.) (quoting *Middle S. Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). Accordingly, to assess whether a dispute is ripe for declaratory judgment purposes, there must be "a case of actual controversy within [a federal court's] jurisdiction," and the "meaning of 'actual controversy' for the purposes of this section is identical to the meaning of 'case or controversy' for the purposes of Article III." *Heydarian*, 2011 WL 13235042, at *2 (quoting *Lawson v. Callahan*, 111 F.3d 403, 405 (5th Cir. 1997)).

Here, the Underlying Plaintiffs are incorrect that they cannot be included in a declaratory judgment action. For nearly seventy years, courts have consistently affirmed that injured parties who obtain a judgment against an insured party are legally entitled to enforce an insurance policy. This has resulted in a well-established precedent upholding the standing of such injured parties to participate in declaratory judgment actions initiated by insurers. *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273–74 (1941). For instance, in *Dairyland Ins. Co. v. Makover*, the Fifth Circuit recognized the standing of injured parties as "potential judgment creditors" to appeal a declaratory judgment when named as defendants. 654 F.2d 1120, 1123

4

(5th Cir. 1981). Similarly, in *Standard Accident Ins. Co. v. Meadows*, it was deemed a plain error to dismiss an injured party from a declaratory judgment action filed by the insurer against its insured and the injured party. 125 F.2d 422, 424 (5th Cir. 1942). This principle is supported by rulings in other circuits as well, such as the 8th and 7th Circuits. *See Auto. Underwriters Corp. v. Graves*, 489 F.2d 625, 627–28 (8th Cir. 1973); *see also Hawkeye-Security Ins. Co. v. Schulte*, 302 F.2d 174, 177 (7th Cir. 1962). In *Atl. Cas. Ins. Co. v. Ramirez*, this district reiterated the Fifth Circuit's position that injured parties are appropriate defendants in a federal declaratory judgment action brought by the insurer, *even* if they have not yet obtained a state court judgment. 651 F. Supp. 2d 669, 679 (N.D. Tex. 2009) (Furgeson, J.). Similarly, in *Nat'l Am. Ins. Co. v. Breaux*, the court denied a motion to dismiss an injured party for lack of a justiciable case or controversy, underlining the injured party's rightful inclusion in the action. 368 F. Supp. 2d 604, 619-21 (E.D. Tex. 2005) (Crone, J.).

The reasoning behind this stance is evident. As the Supreme Court explained in *Maryland Casualty*, dismissing an injured party on the grounds of a remote interest could result in conflicting judgments between federal and state courts. *See* 312 U.S. at 274. The Court noted, "For the federal court, in a judgment not binding on [the injured parties], might determine that [the insurer] was not obligated under the policy, while the state court, in a supplemental proceeding by [the injured parties] against [the insurer], might conclude otherwise." *Id.* Although the risk of inconsistent judgments is not guaranteed in this case—the possibility remains. The Court, therefore, does not consider the potential for the Underlying Plaintiffs to file a claim against the insurance policy so remote as to justify a different rule from the one established in *Maryland Casualty*. Consequently, the Court applies that decision here and **DENIES** the Underlying Plaintiffs' Motion to Dismiss.

## CONCLUSION

For the reasons stated above, as the Underlying Plaintiffs are appropriate defendants in a federal declaratory judgment action brought by the insurer, the Court **DENIES** the Underlying Plaintiffs' Motion to Dismiss. ECF No. 15.

**SO ORDERED** on this **18th day of June 2024.**

_____
Mark T. Pittman
UNITED STATED DISTRICT JUDGE